UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA LEWANDOWSKI,
on behalf of minor children T.L.,
B.L., S.L., and A.L.,

    Plaintiffs,

v.

SOUTHGATE COMMUNITY
SCHOOLS BOARD OF
EDUCATION, et al.,

    Defendants.
_____/

Case No. 21-12317

HON. DENISE PAGE HOOD

**ORDER DENYING PLAINTIFFS' MOTION FOR A
TEMPORARY RESTRAINING ORDER (and MOTION FOR A
PRELIMINARY INJUNCTION) [ECF No. 2]**

**I.  INTRODUCTION**

This matter is before the Court on *pro se* Plaintiffs' Motion For A Temporary Restraining Order [ECF No. 2], wherein Plaintiffs ask the Court to enjoin Defendants from continued implementation and enforcement of a mask mandate. *Id.* at PageID.167.  Defendants have filed a response [ECF No. 17], and no reply has been received by the Court.  A hearing was held on November 29, 2021.  For the reasons stated below, the Motion is denied.

1

## II.  LEGAL STANDARD

A court is to consider four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## III. FINDINGS OF THE COURT

The Court has reviewed the Plaintiffs' Motion, which consists of eight pages. There is no supporting brief, and Plaintiffs do not cite any authority or case law, except with respect to subject matter jurisdiction, which Plaintiffs correctly assert that this Court has.

### A. No Standing

The Sixth Circuit has recognized that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990)).   Unless a statutory provision specifically provides that a parent may act as a party-in-interest on behalf of his or her child, the child's claims cannot be brought through the parent. *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 522, 127 S. Ct. 1994, 1999, 167 L. Ed. 2d 904 (2007).

The Court finds that Plaintiffs allege Due Process violations for which neither the Michigan Constitution nor the United States Constitution provide that parents have the option to litigate the claims on behalf of their children. Plaintiffs' motion can be denied on this basis alone, though the Court elects to deny the request for preliminary injunction on the merits.

**B. Failure to Satisfy Burden for Injunctive Relief**

Plaintiffs ask the Court to enjoin Defendant because Plaintiffs believe that continued use of the masks can cause them irreparable harm. Plaintiffs argue that the mask mandate subjects them to "an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrergenic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase." *Id.* at PageID.166. Plaintiffs assert that everyday use of the required masks may also have other possible side effects or potential hazards. *Id.*

The Court finds that Plaintiffs have not satisfied their burden. Plaintiffs simply recite in a conclusory manner that the four factors for injunctive relief will be met.[1] Plaintiffs do not explain: (1) why there is a substantial likelihood that they will succeed on the merits; (2) how any or all of them will be irreparably harmed (no harm is even alleged); (3) how the balance of equities weighs in favor of Plaintiffs' request; or (4) how the public interest is best served by an injunction or otherwise weighs in favor of Plaintiffs' position. The Court notes that Plaintiffs rely on an

---

[1] Plaintiffs' verbatim argument is:
  "4.    There is a substantial likelihood that Plaintiffs will succeed on the merits.
  5.    The harm to Plaintiff and all other students, teachers, staff and administration if injunctive relief is denied substantially outweighs the potential harm to Defendants as a result of the injunction. The balance of equities between the parties supports an injunction, as Plaintiffs stand to suffer immediate and severe harm, whereas Defendants stand to suffer no harm.
  6.    The public interest is best served by enjoining and restraining Defendant[s'] unlawful and improper conduct and protecting the status quo by prohibit[ing] Defendants from implementing a mask mandate."

affidavit of a third party (Stephen E. Petty), an affidavit another court has considered and concluded as follows: "Mr. Petty's testimony primarily relates to the *effectiveness* of masks, rather than their potential health risks." *P.M. by & Through Maras v. Mayfield City Sch. Dist. Bd. of Educ.*, No. 1:21 CV 1711, 2021 WL 4148719, at *3 (N.D. Ohio Sept. 13, 2021)). And, because the plaintiff "failed to show any personal harm her daughter suffered," the *Maras* court concluded the plaintiff could not "establish any immediate or actual harm to her child from The Policy or any evidence that wearing a mask is an unsafe or hazardous practice." *Id*.

For the reasons stated above, the Court finds that Plaintiffs: (a) have not demonstrated that they are likely to prevail on the merits with respect to the relief they seek in the Motion; (2) have failed to establish a likelihood that they will establish that Defendants acted illegally or without authority; (3) have not sufficiently established irreparable harm; and (4) failed to address the issue of posting security, which is required by Federal Rule of Civil Procedure 65(c). For these reasons, the Court concludes that the Motion must be denied with respect to Plaintiffs' request for a temporary restraining order.

Plaintiffs also asked that the Court issue an order to show cause to Defendants why a preliminary injunction should not issue (though the motion is not titled as such). [ECF No. 2, PageID.163] Prior to the November 29, 2021 hearing, Defendants filed a response to Plaintiffs' motion for injunctive relief. Plaintiffs did

5

not file a reply brief, even though more than three weeks passed between the time the response brief was filed and the date of the hearing. The Court did afford Plaintiffs an opportunity at the November 29, 2021 hearing to submit argument and evidence to support their request for injunctive relief.

Although it may contravene popular belief, there is no fundamental right to an education upon which a Due Process violation may be brought. *Plyler v. Doe*, 457 U.S. 202, 223 (1982) (confirming that education is not a fundamental right and that "a State need not justify by compelling necessity every variation in the manner in which education is provided to its population"). Defendants' only burden to support the mask policy would be to articulate how the mask policy rationally relates to a legitimate state interest. *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 393 (6th Cir. 2005) (citing *Seal v. Morgan*, 229 F.3d 567, 574 (6th Cir.2000)).

The Court finds that Defendants have a rational basis for the mask policy that satisfies a legitimate state interest. It is well-established law that actions aimed at protecting public health and welfare are only to be invalidated if they lack "real or substantial relation" to the protection. *Jacobson v. Massachusetts*, 197 U.S. 11, 31 (1905). The ongoing COVID-19 pandemic justifies a minor intrusion into the liberties of those who enter school facilities, as current CDC guidance recommends universal indoor masking for all persons entering K-12 facilities. *Guidance for*

*COVID-19 Prevention in K-12 Schools*, https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.htm.

The Court heard arguments on the request for preliminary injunction at the November 29, 2021 hearing. The Court finds Plaintiffs did not present at the November 29, 2021 hearing any other argument or evidence to support a finding of irreparable harm or a substantial likelihood of success on the merits that would support granting injunctive relief. Accordingly, the Court also denies Plaintiffs' request for a preliminary injunction.

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion For A Temporary Restraining Order (and a Motion for Preliminary Injunction) [ECF No. 2] is DENIED.

IT IS FURTHER ORDERED that, because established law prevents Plaintiffs' parents from representing Plaintiffs in this matter, Plaintiffs shall have 45 days to obtain legal counsel to represent them in this matter. If no attorney files an appearance on Plaintiffs' behalf on or before February 28, 2022, Plaintiffs' cause of action will be dismissed without prejudice.

IT IS FURTHER ORDERED that this matter, including the pending Motion to Dismiss, shall be STAYED until such time as legal counsel enters an appearance on behalf of Plaintiffs.

IT IS FURTHER ORDERED that the hearing scheduled for Wednesday, January 19, 2022 is ADJOURNED until further order of this Court.

IT IS SO ORDERED.

Date: January 12, 2022

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE